**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CAROLINE M. WILSON,**

                            **Plaintiff,**

    vs.                                                6:14-cv-00122
                                                          (MAD/TWD)

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

                            **Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**CAROLINE M. WILSON**
624 Chatham Street
Rome, New York 13440
Plaintiff *pro se*

**SOCIAL SECURITY ADMINISTRATION**    **HEETANO SHAMSOONDAR, ESQ.**
Office of Regional General Counsel, Region II    Special Assistant United States Attorney
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Caroline Wilson brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Before the Court are the parties' cross-motions for judgment on the pleadings. *See* Dkt. Nos. 16, 19. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

On January 4, 2011, Plaintiff filed an application for DIB, alleging a disability onset date of July 30, 2002. *See* Administrative Transcript ("T.") at 117. Plaintiff's application was initially denied on March 9, 2011. *See id.* at 66.[1] Upon Plaintiff's request, a hearing was held on September 18, 2012 before Administrative Law Judge ("ALJ") Edward I. Pitts. *See id.* at 31-65. On October 5, 2012, the ALJ issued a decision denying Plaintiff's claim for benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). *Id.* at 13-21. Plaintiff filed a request for review with the Appeals Council, which denied review by letter dated December 16, 2013, thereby making the ALJ's decision the final determination of the Commissioner. *See id.* at 4-9.

Plaintiff commenced this action on February 4, 2014, seeking judicial review of the Commissioner's unfavorable decision. *See* Dkt. No. 1. Plaintiff, who is proceeding *pro se*, generally alleges that her medical conditions render her disabled. *See* Dkt. No. 16. Defendant maintains that the ALJ applied the correct legal standards in determining that Plaintiff is not disabled and that his decision is supported by substantial evidence. *See* Dkt. No. 19. In a Report and Recommendation dated March 25, 2015, Magistrate Judge Dancks recommended that the Commissioner's decision be affirmed. Dkt. No. 20 at 2.

In reviewing the Commissioner's final decision, the Court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). The Commissioner is ultimately responsible for determining a claimant's eligibility; however, an ALJ makes the actual disability

---

[1] Plaintiff protectively filed an application for Supplemental Security Income benefits in May 2008, which was approved. *See* T. at 13. Therefore, the instant matter pertains solely to Plaintiff's claim for DIB. *See id.*

2

determination. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson*, 817 F.2d at 986. The ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *Id.*; *see also Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

In the present matter, Plaintiff alleged disability beginning July 30, 2002 and had acquired sufficient quarters of coverage to remain insured through June 30, 2004. *See* T. at 13. The Court finds that Magistrate Judge Dancks correctly determined that substantial evidence supported the ALJ's determination that Plaintiff's severe impairments during this period included migraine headaches and a cognitive impairment. *See* Dkt. No. 20 at 7-17. Although Plaintiff alleged additional severe impairments related to strokes, depression, obesity, abdominal pain, and upper extremity limitations, as Magistrate Judge Dancks thoroughly explained, Plaintiff failed to provide sufficient evidence showing that these alleged impairments were severe during the relevant time period. *See id.* at 14-17. Magistrate Judge Dancks also correctly determined that the ALJ's residual functional capacity ("RFC") determination was supported by substantial evidence, including treatment notes from Plaintiff's treating physicians during the alleged period

of disability, diagnostic evidence, and Plaintiff's school records. *See id.* at 17-19. The Court also finds that Magistrate Judge Dancks correctly concluded that the ALJ properly evaluated Plaintiff's credibility and that his credibility determination was supported by substantial evidence. *See id.* at 19-24. Finally, Magistrate Judge Dancks correctly found that the ALJ did not err in relying on the vocational grids to determine that jobs existed in the national economy that Plaintiff could have performed or in his ultimate determination that Plaintiff was not disabled during the relevant time period. *See id.* at 24-27.

Therefore, having carefully reviewed the Report and Recommendation, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the Commissioner's decision should be affirmed.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' March 25, 2015 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 19) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk shall enter judgment and close this case;[2] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in

---

[2] The case shall be reopened if Plaintiff files objections to Magistrate Judge Dancks' Report and Recommendation within the objection deadline.

accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 31, 2015
       Albany, New York

```
Mae A. D'Agostino
U.S. District Judge
```