**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CAROLINE M. WILSON,**

        **Plaintiff,**

 vs.                 **6:14-cv-00122
                       (MAD/TWD)**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

        **Defendant.**
_____

**APPEARANCES:**           **OF COUNSEL:**

**CAROLINE M. WILSON**
624 Chatham Street
Rome, New York 13440
Plaintiff *pro se*

**SOCIAL SECURITY ADMINISTRATION**  **HEETANO SHAMSOONDAR, ESQ.**
Office of Regional General Counsel, Region II  Special Assistant United States Attorney
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

Plaintiff Caroline Wilson brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for Disability Insurance Benefits ("DIB") under the Social Security Act. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). In a Report and Recommendation dated March 25, 2015, Magistrate Judge Dancks recommended that this Court affirm the Commissioner's decision denying Plaintiff's application for benefits and dismiss Plaintiff's complaint. *See* Dkt. No. 20. On March 31, 2015, the Court adopted Magistrate Judge

Dancks' Report and Recommendation in its entirety and granted judgment in favor of the Commissioner. *See* Dkt. No. 21. The Court noted in its Order that Plaintiff's case would be reopened if Plaintiff filed objections to the Report and Recommendation within the objection deadline. *Id.* at 4 n.2. On April 24, 2015, Plaintiff timely filed objections to the Report and Recommendation. *See* Dkt. No. 27. Accordingly, the Court hereby **ORDERS** that its Order dated March 31, 2015 is **VACATED**.

In her Report and Recommendation, Magistrate Judge Dancks found that: (1) substantial evidence supported the ALJ's determination that Plaintiff's severe impairments during the alleged disability period of July 30, 2002 through June 30, 2004 included migraine headaches and a cognitive impairment; (2) the ALJ's residual functional capacity ("RFC") determination was supported by substantial evidence; (3) the ALJ properly evaluated Plaintiff's credibility; and (4) the ALJ did not err in relying on the vocational grids to determine that jobs existed in the national economy that Plaintiff could have performed or in his ultimate determination that Plaintiff was not disabled during the relevant time period. *See* Dkt. No. 16. In objecting to the Report and Recommendation, Plaintiff has advanced many of the same arguments raised before Magistrate Judge Dancks in Plaintiff's motion for judgment on the pleadings. *See* Dkt. No. 27. Specifically, Plaintiff objects to Magistrate Judge Dancks' finding with respect to the ALJ's determination that Plaintiff's depression, strokes, obesity, abdominal pain, and upper extremity limitations and pain were not severe. *See id.* at 1-2, 5. Plaintiff also objects to Magistrate Judge Dancks' determination that in determining Plaintiff's RFC, the ALJ properly relied in part on Plaintiff's school records, which Plaintiff claims are not representative of her capabilities. *See id.* at 4. Plaintiff also argues that her activities of daily living are more limited that the ALJ's decision suggests. *See id.* at 3, 6.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). The Commissioner is ultimately responsible for determining a claimant's eligibility; however, an ALJ makes the actual disability determination. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson*, 817 F.2d at 986. The ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *Id.*; *see also Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). "To the extent . . . that [a] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Watson v. Astrue*, No. 08 Civ. 1523, 2010 WL 1645060, *1 (S.D.N.Y. Apr. 22, 2010) (quotation omitted).

In the present matter, Plaintiff alleged disability beginning July 30, 2002 and had acquired sufficient quarters of coverage to remain insured through June 30, 2004. *See* Administrative Transcript ("T.") at 13. Magistrate Judge Dancks found that substantial evidence supported the ALJ's determination that during this time period, Plaintiff's migraine headaches and cognitive limitations were severe impairments and her alleged strokes, depression, obesity, abdominal pain, and upper extremity limitations were not severe. *See* Dkt. No. 20 at 7-17. In her objections to the Report and Recommendation, Plaintiff details her current symptoms and limitations related to depression, strokes, a genetic disorder, migraines, nerve damage, and cognitive impairments. *See* Dkt. No. 27 at 1-3, 5. Importantly, all of Plaintiff's allegations regarding the severity of her impairments relate to Plaintiff's present physical and mental state, rather than the relevant time period of July 30, 2002 through June 30, 2004. For instance, Plaintiff discusses the side effects

she has suffered from a second stroke that she had in 2007. *See id.* at 2.[1] As such, Plaintiff's claims regarding the severity of her limitations are not relevant to the ALJ's severe impairment determination for the applicable time period.

Having carefully reviewed Magistrate Judge Dancks' thorough Report and Recommendation and Plaintiff's medical records from the relevant time period, the Court finds that Magistrate Judge Dancks correctly concluded that the ALJ's severe impairment determination was supported by substantial evidence. Magistrate Judge Dancks explained that during the time period at issue, Plaintiff received minimal or no treatment for depression, strokes, obesity, abdominal pain, and upper extremity problems. *See* Dkt. No. 20 at 14-16. Magistrate Judge Dancks further noted that during this time period, Plaintiff's physical exams were unremarkable, and her treatment notes showed that she was stable. *See id.* at 14; *see also id.* at 12 (indicating that medical records from the applicable time period demonstrated that Plaintiff's depression and pain were improved from prior visits).

Plaintiff argues that the evidence pertaining to her impairments during this period is sparse because she did not always see the same doctor and the doctors she did see did not believe or write down her complaints. *See* Dkt. No. 27 at 2. However, as Magistrate Judge Dancks correctly stated, Plaintiff had the burden of presenting evidence which showed that her impairments were severe. *See* Dkt. No. 20 at 16; *see also Melville v. Apfel*, 198 F.3d 45, 51 (2d Cir. 1999) (discussing a claimant's burden of proof at the first four steps of the sequential process for evaluating an application for DIB). As Plaintiff cannot point to any evidence in the medical

---

[1] As Magistrate Judge Dancks explained in her Report and Recommendation, Plaintiff suffered her first stroke in October 1995. *See* Dkt. No. 20 at 10 (citing T. at 308-12). Following this stroke, Plaintiff underwent speech and language therapy until February 1996, when she was discharged with normal communication functioning. *See id.* (citing T. at 611-16, 618-19).

record that supports her claim that her impairments were severe during the applicable time period, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff failed to carry her burden of proof on this issue. *See* Dkt. No. 20 at 16.

Plaintiff's arguments as to her activities of daily living similarly focus on her current daily activities. *See* Dkt. No. 27 at 3. The ALJ considered Plaintiff's activities of daily living during the relevant time period in assessing Plaintiff's credibility as to the severity of her pain and other symptoms for purposes of determining Plaintiff's RFC. *See* T. at 18. Specifically, the ALJ considered the fact that Plaintiff had children in 2003 and 2004 and testified that she took care of her infant children by herself during this time period. *See id.* As Magistrate Judge Dancks explained, Plaintiff's claims as to her current abilities are not dispositive of her disability status because they do not relate to the period at issue. *See* Dkt. No. 20 at 23.

Moreover, Magistrate Judge Dancks correctly concluded that the ALJ properly determined Plaintiff's RFC after weighing not only Plaintiff's statements regarding her claimed impairments and her activities of daily living, but also the medical and educational evidence pertaining to the time period in issue and Plaintiff's mother's testimony regarding Plaintiff's impairments. *See id.* at 23-24. Although Plaintiff contends that her school records do not accurately reflect her capabilities because her high school allowed her to graduate only because she tried hard and gave school her best effort, *see* Dkt. No. 28 at 4, the ALJ was entitled to consider Plaintiff's educational records in his RFC determination. Furthermore, the ALJ's determination that Plaintiff was capable of performing unskilled work reflected Plaintiff's difficulties in school. *See* T. at 19. Plaintiff's objections thus do not provide a basis for the Court to find that Magistrate Judge Dancks erred in concluding that the ALJ's RFC determination was supported by substantial evidence.

Plaintiff does not object to Magistrate Judge Dancks' finding that the ALJ was permitted to rely on the vocational grids to determine that jobs existed in the national economy that Plaintiff could have performed based on the ALJ's RFC determination, and the Court finds no error in this conclusion. *See* Dkt. No. 20 at 25-27.

In sum, Plaintiff's objections, as well as her arguments in support of her motion for judgment on the pleadings, center on her current impairments and limitations. As Magistrate Judge Dancks correctly stated in her Report and Recommendation, "evidence of an impairment which reached disabling severity after the relevant adjudicated period, or which was exacerbated thereafter, cannot be the basis for the determination of entitlement to benefits, even though the impairment itself may have existed during the relevant period." Dkt. No. 20 at 19 (citing *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989)).

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Court's March 31, 2015 Order (Dkt. No. 21) and judgment (Dkt. No. 22) are **VACATED**; and the Court further

**ORDERS** that Magistrate Judge Dancks' March 25, 2015 Report and Recommendation (Dkt. No. 20) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 19) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 18, 2015
       Albany, New York

                                      Mae A. D'Agostino
                                      U.S. District Judge